UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EDIBLE ARRANGEMENTS INTERNATIONAL, INC. and TARIQ FARID, Petitioners, | : : : : : |
| v. | : 3:10-cv-545 (WWE) : |
| JHRV ENTERPRISES, INC.; VAHE BADALIAN; RAZMIK OHANJANIAN; JILBERT TAHMAZIAN; and HAMLET BET-SARGHEZ, Respondents. | : : : : : : |

**MEMORANDUM OF DECISION ON RESPONDENTS' MOTION TO
DISMISS AND PETITIONERS' MOTION TO COMPEL ARBITRATION**

Petitioners Edible Arrangements International, Inc. ("EAI") and Tariq Farid commenced this action under the Federal Arbitration Act, 9 U.S.C. § 1 et seq. ("FAA") to compel respondents JHRV Enterprises, Inc. ("JHRV"), Vahe Badalian, Razmik Ohanjanian, Jilbert Tahmazian and Hamlet Bet-Sarghez to arbitration relating to JHRV's ownership of twenty Edible Arrangements stores in California.  Now pending before the Court are (1) petitioners' motion to compel arbitration (Doc. #6); (2) respondents' motion to dismiss for lack of jurisdiction (Doc. #15); and (3) petitioners' motion to strike respondents' memorandum in opposition to the motion to compel arbitration (Doc. #20).  For the following reasons, respondents' motion to dismiss will be denied, and petitioners' motion to compel will be granted.

## BACKGROUND

For the purposes of ruling on the motions, the Court reviews the factual allegations of the petition as well as the parties' evidentiary submissions.

1

Petitioner EAI is a Connecticut corporation with a principal place of business in Connecticut. It is engaged in the business of franchising businesses that offer floral arrangements under its trademarks and trade names. Petitioner Farid is a citizen and resident of the state of Connecticut and is the Chief Executive Officer and a director of EAI.

Respondent JHRV is a former franchisee of EAI and owned and operated twenty Edible Arrangements stores in California.[1] Respondents Tahmazian, Ohanjanian, Bet-Sarghez and Badalian are citizens of California and constitute the shareholders of JHRV.

EAI and JHRV were parties to eighteen individual franchise agreements pursuant to which JHRV operated eighteen Edible Arrangements stores in California. Each franchise agreement is virtually identical and contains the same substantive provisions. In connection with the franchise agreements, individual respondents signed a guaranty and assumption of obligation under which they agreed to be personally bound by every obligation of the franchise agreements.

According to petitioners, the franchise agreements provide that the parties agree to submit all disputes arising out of or relating to the franchise agreements or any other agreement between the parties to arbitration before the American Arbitration Association ("AAA"). Specifically, section 20F of the franchise agreements provides, in pertinent

---

[1] In their petition, petitioners do not allege the state of JHRV's incorporation nor its principal place of business. In their corporate disclosure statement (Doc. #13), respondents state that JHRV is a corporation organized under California law. The Court presumes that JHRV does not defeat diversity because it appears that the locus of JHRV's corporate activities are in California, and respondents do not claim that JHRV's presence in this action defeats diversity.

part:

>Franchisee and EA[I] agree that, except for controversies, disputes, or claims related to or based on improper use of the Names and Marks or Confidential Information, all controversies, disputes, or claims between EA[I] and its affiliates, and their respective shareholders, officers, directors, agents, and/or employees, and Franchisee (and/or its owners, guarantors, affiliates and/or employees) arising out of or related to:
>
>>(1)  this [Franchise] Agreement or any other agreement between them;
>>
>>(2)  EA[I]'s relationship with Franchisee;
>>
>>(3)  the validity of this [Franchise] Agreement or any other agreement between them; or
>>
>>(4)  any System Standard;
>
>must be submitted for binding arbitration, on demand of either party, to the American Arbitration Association ("AAA"). The arbitration proceedings will be conducted by one arbitrator and, except as this Subsection otherwise provides, according to the AAA's then current commercial arbitration rules. All proceedings will be conducted at a suitable location chosen by the arbitrator which is within ten (10) miles of EA[I]'s then current principal business address. All matters relating to arbitration will be governed by the United States Federal Arbitration Act (9 U.S.C. §§ 1 et seq.).
>
>*   *   *
>
>Despite Franchisee's and EA[I]'s agreement to arbitrate, they each have the right in a proper case to seek temporary restraining orders and temporary or preliminary relief from a court of competent jurisdiction; provided, however, that they must contemporaneously submit their dispute for arbitration on the merits as provided in this subsection.
>
>The provisions of this subsection are intended to benefit and bind certain third party non-signatories and will continue in full force and effect subsequent to and not withstanding this Agreement's expiration or termination.

Section 20.H. of the franchise agreement is a choice-of-forum provision and states, in pertinent part:

> SUBJECT TO SUBSECTION F ABOVE AND THE PROVISIONS BELOW, FRANCHISEE AND ITS OWNERS AGREE THAT ALL ACTIONS ARISING UNDER THIS AGREEMENT OR OTHERWISE AS A RESULT OF THE RELATIONSHIP BETWEEN FRANCHISEE AND EA[I] MUST BE COMMENCED IN A COURT OF GENERAL JURISDICTION IN CONNECTICUT, AND FRANCHISEE (AND EACH OWNER) IRREVOCABLY SUBMITS TO THE JURISDICTION OF THAT COURT AND WAIVES ANY OBJECTION IT (OR THE OWNER) MIGHT HAVE TO EITHER THE JURISDICTION OF OR VENUE IN THAT COURT. NONETHELESS, FRANCHISEE AND ITS OWNERS AGREE THAT EA[I] MAY ENFORCE THIS AGREEMENT AND ANY ARBITRATION ORDERS AND AWARDS IN THE COURTS OF THE STATE ... IN WHICH FRANCHISEE IS DOMICILED OR THE FRANCHISED BUSINESS IS OPERATED.

(caps in original).

In December 2008, EAI filed a lawsuit in California state court regarding JHRV's impending closing of seven stores. EAI simultaneously filed an arbitration proceeding against respondents. By that action, EAI sought preliminary injunctive relief to prevent respondents from closing the stores. On September 2, 2009, EAI and respondents entered into a settlement agreement pursuant to which the parties agreed to terminate the franchise agreements for the seven JHRV stores at issue in the suit and JHRV agreed to turn over possession of those stores to EAI. The settlement agreement provided that it "has no application to the [franchise agreements] or [the remaining] stores." Petitioners contend that the settlement agreement did not terminate the arbitration provisions of the franchise agreements. The settlement agreement further provided that "[i]n the event of any dispute regarding this agreement, the parties agree

4

that the jurisdiction in which to resolve the dispute shall be Los Angeles County, California."

On February 16, 2010 JHRV commenced an action in California state court ("California action") against EAI concerning EAI's alleged wrongful reassignment of certain customer zip codes. JHRV filed an amended complaint on March 1 that named Farid as an additional defendant. This action was removed to federal court on April 8 and remanded back to state court on June 30.[2]

In remanding the action, the United States District Court for the Central District of California expressly did not determine whether plaintiff's claims arose from the settlement agreement or the operative franchise agreements. Rather, the court stated that "Plaintiff's breach of contract claims will require interpretation of the Settlement Agreement."

On March 5, 2010, EAI terminated the franchise agreements for JHRV's eleven remaining stores because of JHRV's closing and abandonment of those stores in breach of the franchise agreements. On March 8, EAI filed its demand for arbitration against respondents seeking damages for their breaches of the franchise agreements for the eleven stores.

On March 24, JHRV filed an application in the California action to stay the arbitration of EAI's claims for breach of the franchise agreements contained in its demand for Connecticut arbitration.

Petitioners now seek an order compelling respondents to arbitrate all claims in the

---

[2] The federal action was captioned as <u>JHRV Enterprises, Inc. v. Edible Arrangements, et al.</u>, 2:10-cv-2557 (RGK)(AGR) (C.D. Cal.).

California lawsuit under section 4 of the FAA in arbitration in Connecticut.

## DISCUSSION

Now pending before the Court are three motions. The Court will address respondents' motion to dismiss first because it goes to whether the Court has jurisdiction over this case.

## I. Motion to Dismiss or to Transfer and Consolidate with California Action

Respondents have moved to dismiss this action or, in the alternative, to transfer and consolidate it with the California action. Their motion argues that this case should be dismissed for petitioners' failure to join an essential party whose inclusion would destroy diversity and for improper venue.

### A. Failure to Join an Indispensable Party

Respondents argue that this matter must be dismissed in its entirety pursuant to Federal Rule of Civil Procedure 19(a) because Xochitl Rodriguez, a citizen of California, is an indispensable party to this action and was not joined as petitioner in this action. Rodriguez is a defendant in the California action.

Federal Rule of Civil Procedure 19(a) provides in relevant part:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (I) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interests. If the person has not been so joined, the

court shall order that the person be made a party....

Fed. R. Civ. P. 19(a).  If any of the criteria established by Rule 19(a) are met, the district court must then either order that the absent party be joined as a party or, if such joinder is not feasible, determine whether dismissal is appropriate.  Sever v. Glickman, 298 F. Supp. 2d 267, 271 (D. Conn. 2004).  Dismissal is warranted only when a party is indispensable.  Yamaha Motor Corp. v. Ferrarotti, 242 F.R.D. 178, 181 (D. Conn. 2007); see also Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 118 (1968) ("To use the familiar but confusing terminology, the decision to proceed is a decision that the absent person is merely 'necessary' while the decision to dismiss is a decision that he is 'indispensable.'").

In order to assess whether a party is indispensable, the court must first determine whether joinder is feasible and whether the party is "necessary" under Rule 19(a).  When a party is considered necessary and joinder is not feasible, the court proceeds to the Rule 19(b) analysis.  Rule 19(b) requires that the court "determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent party being thus regarded as indispensable."  Fed. R. Civ. P. 19(b).  Reliance Insurance Co. v. Polyvision Corp., 474 F.3d 54, 59 (2d Cir. 2007).

Respondents argue that Rodriguez is necessary and point to declarations of Tahmazian and Ohanjanian to describe Rodriguez's involvement since the settlement agreement.  Respondents do not indicate how the Court cannot accord complete relief absent Rodriguez's presence in this action nor do they conduct a Rule 19 analysis in support of their point.  If respondents are not willing to argue why Rodriguez is a necessary party, the Court will not either.  In short, the Court can accord complete relief

among all the parties already present. See Mastercard Int'l, Inc. v. Visa Int'l Serv. Ass'n, 471 F.3d 377, 385 (2d Cir. 2006). Therefore, the Court will deny respondents' motion to dismiss for failure to name a necessary party.

**B.    Venue**

Respondents move to dismiss this action due to lack of venue as provided by the parties' forum selection clause in the settlement agreement. Determining whether to dismiss an action based on a forum selection clause requires a four-step analysis:

> The first inquiry is whether the clause was reasonably communicated to the party resisting enforcement. The second step requires us to classify the clause as mandatory or permissive, i.e., to decide whether the parties are required to bring any dispute to the designated forum or simply permitted to do so. Part three asks whether the claims and parties involved in the suit are subject to the forum selection clause.... The fourth, and final, step is to ascertain whether the resisting party has rebutted the presumption of enforceability by making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.

Phillips v. Audio Active, Ltd., 494 F.3d 378, 384 (2d Cir. 2007).

Respondents contend that the settlement agreement includes California choice of law and choice of forum provisions and that by commencing an action in California state court in 2008, EAI waived or revoked the franchise agreements' arbitration and forum selection provisions.

Petitioners correctly point out that this action does not arise directly from the settlement agreement which is at issue in the California action, but from the franchise agreements that remain operative. To the extent that respondents argue that EAI's commencement of an action in California in 2008 means that they have waived or

8

revoked the choice of forum provision in the franchise agreements, this argument ignores the carve-out to permit equitable actions for injunctive relief in a court of competent jurisdiction.  See Bank Julius Baer & Co. v. Waxfield Ltd., 424 F.3d 278, 283 (2d Cir. 2005).

      Furthermore, the Court agrees with respondents on some level when they assert that this action and the California action involve the "same contracts, transactions, and occurrences."  The two actions involve the same actors and stem from a single, long-term relationship.  This fact, however, does not mean that venue is improper before this Court.  Nor is the statement entirely true.  There are two sets of contracts that control the parties' relationship – the franchise agreements and the settlement agreement.  An action arising out of one set of agreements does not necessarily mean that it must be joined with the other.  Dittmer v. County of Suffolk, 146 F.3d 113, 118 (2d Cir. 1998) ("[C]ommonality in subject matter does not amount to the 'contemporaneous exercise of concurrent jurisdictions.'").  Because of the varying nature of relief between the two actions, it cannot be said that they are concurrent.  See Credit-Based Asset Servicing & Securitization, LLC v. Lichtenfels, 658 F. Supp. 2d 355, 359 (D. Conn. 2009) (looking to similarity of relief requested between two actions to determine if proceedings are concurrent).

      Respondents have utterly failed to make a showing under Phillips.  Therefore, the Court will not dismiss or transfer this action based on improper venue.

**II.    Motion to Strike Respondents' Response to Motion to Compel Arbitration**

      Petitioners have moved to strike respondents' response to their motion to compel because it was filed late.  Petitioners' motion to compel was filed on April 29, 2010;

9

respondents' response was not filed until August 16.  During that time, respondents twice moved for extensions of time to file responsive pleadings.  Indeed, they filed their motion to dismiss for lack of jurisdiction on June 1, 2010.  Petitioners' motion to strike was filed on August 20; respondents filed a response on September 20.

The Court will not strike respondents' response because petitioners point to no prejudice that they have suffered because of its lateness.  The Court will point out two deficiencies in respondents' response to the motion to strike, however.  First, petitioners filed a motion to compel on April 29 (Doc. #6), twenty days after the filing of the petition to compel arbitration.  No response was filed until long after the twenty-one-day deadline had passed.  Pursuant to Local Rule 7(a)(1), the Court may grant the motion without viewing the response papers.  The Court will not do this, however, in this case.  Second, petitioners' motion to strike was filed on August 20 (Doc. #20).  The response deadline for most motions under the Federal Rules of Civil Procedure is twenty-one days.  Respondents' response was not filed until thirty days later on September 20.  The Court will not grant the motion to strike because it is not inclined to rule on such a motion without the benefit of adversarial briefing.  The Court does caution counsel that he should be more attuned to deadlines in this matter; the Court does not plan on being so generous with deadlines should this case proceed further before it.

### III.   Motion to Compel Arbitration

Congress enacted the FAA to codify a strong national policy in favor of arbitration. Section 2 provides:

> A written provision in ... a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract ... shall be valid,

>  irrevocable, and enforceable.

Under the FAA, arbitration agreements are to be construed as any other contracts would be. Rent-A-Center, W., Inc. v. Jackson, 130 S. Ct. 2772, 2776 (2010). Courts confronted with a dispute between parties subject to arbitration must "construe arbitration clauses as broadly as possible." S.A. Mineracao da Tridade-Samitri v. Utah Int'l, Inc., 745 F.2d 190, 194 (2d Cir. 1984). "Arbitration should be ordered unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." McMahan Securities Co. v. Forum Capital Markets L.P., 35 F.3d 82, 88 (2d Cir. 1994). In evaluating a motion under the FAA, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983).

The court must first determine, under FAA § 4 whether it would have subject matter jurisdiction over a suit between the parties. The franchise agreements provide that:

> Franchisee and its owners agree that all actions arising under this agreement or otherwise as a result of the relationship between Franchisee and EA[I] must be commenced in a court of general jurisdiction in Connecticut, and Franchisee (and each owner) irrevocably submits to the jurisdiction of that court and waives any objection it (or the owner) might have to either the jurisdiction of or venue in that court.

In light of the choice of forum language of the franchise agreements, the Court finds that both parties have consented to the exercise by this Court of jurisdiction over this matter.

The Court will not defer to the California district court's decision that the California action must be litigated in California state court. There is no indication that the court

considered the applicability of the franchise agreements to the parties' dispute. And in light of the choice of forum clause, the Court doubts that the California district court applied it. That court was concerned only with the question of California federal or state court, not with jurisdiction in the Connecticut court.

In order to compel arbitration, the court must consider two issues: (1) whether the parties agreed to arbitrate; and (2) whether the scope of the arbitration clause covers the petitioners' claims. Mehler v. Ther Terminix Int'l Co., L.P., 205 F.3d 44, 47 (2d Cir. 2000).

Petitioners' petition to compel seeks to have the Court compel respondents to arbitrate the California action rather than have it proceed in state court. First, the Court must determine what the issues are in the California action. The plaintiff's amended complaint in the California action asserts claims of (1) fraud, including fraudulent concealment and fraud in the inducement of the settlement agreement; (2) breach of the settlement agreement; and (3) unfair competition in violation of the California Business and Professions Code. These allegations all stem from EAI's alleged wrongful reassignment of certain zip codes from JHRV's franchises to other franchises. Count two also includes an allegation that EAI breached the settlement agreement by failing to make certain rent payments to some of the landlords of the stores transferred to EAI under the settlement agreement.

The Court agrees with petitioners that their claims against respondents are for violations of the franchise agreements insofar as claims that JHRV has impermissibly closed their stores without permission are covered within the arbitration provisions of the respective franchise agreements.

As to those claims of the California action, it is clear that the parties agreed to arbitrate. The franchise agreements contain an arbitration that applies to "all controversies, disputes or claims between EA[I] ... and Franchisee ... arising out of or related to (1) this Agreement or any other agreement between them; (2) EA's relationship with Franchisee...." Further, the arbitration subsection "will continue in full force and effect subsequent to and notwithstanding this Agreement's ... termination." This clear and broad language evidences an arbitration agreement between the parties that covers the instant controversy.

The Court must then examine whether this dispute falls within the broad arbitration agreement. Respondents claim that the settlement agreement supercedes the franchise agreements. This argument must fail. First, the settlement agreement provides that it has no application to the stores that were not covered by it. Second, the language of the arbitration agreement within the franchise agreement belies it. The arbitration agreement survives the end of the franchisor-franchisee relationship, and respondents point to no language in the settlement agreement that would indicate that the parties terminated the arbitration agreement. See Bank Julius Baer, 424 F.3d at 283.

Finally, respondents argue that section 20040.5 of the California Business and Professions Code makes void the franchise agreements' choice of forum provision in which arbitration must proceed. That statute provides that "[a] provision in a franchise agreement restricting venue to a forum outside this state is void with respect to any claim arising under or relating to a franchise agreement involving a franchise business operating within this state." This argument too must fail. The FAA preempts any state

13

law that applies only to arbitration agreements, as opposed to all contracts.  Therefore, while contract defenses such as fraud, duress and unconscionability survive the FAA, a state statute applying only to an arbitration provision is preempted.  Doctor's Assocs., Inc. v. Casarotto, 517 U.S. 681, 686-87 (1996).  In light of this holding, the Ninth Circuit Court of Appeals has held that section 20040.5 is preempted by the FAA.  Bradley v. Harris Research, 275 F.3d 884, 890 (9th Cir. 2001) ("Section 20040.5 applies only to forum selection clauses and only to franchise agreements; it therefore does not apply to 'any contract.'  We accordingly reject the Bradleys' argument and hold that § 20040.5 is preempted by the FAA."); see also Doctor's Assocs., Inc. v. Hamilton, 150 F.3d 157, 163 (2d Cir. 1998) (reasoning that New Jersey case law invalidating a franchise agreement's forum selection clause applied to one sort of contract provision (forum selection) in only one type of contract (a franchise agreement), and so was preempted by the FAA).

In light of the language of the franchise agreements, the Court hereby orders the parties to proceed in arbitration as to all claims between them, including the claims asserted by EAI against respondents in the Connecticut demand for arbitration and by JHRV in the California action.  Per the terms of the arbitration clause, this arbitration is to proceed within ten miles of EAI's current principal business address.

## CONCLUSION

In light of the foregoing reasons, petitioners' motion to compel arbitration (Doc. #6) is GRANTED, respondents' motion to dismiss for lack of jurisdiction (Doc. #15) is DENIED and petitioners' motion to strike (Doc. #20) is DENIED. The Clerk is instructed to close this case.

Dated at Bridgeport, Connecticut, this __1st_ day of October 2010.

                                                /s/
                                      Warren W. Eginton
                                      Senior United States District Judge