UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EDIBLE ARRANGEMENTS INTERNATIONAL, INC. and TARIQ FARID, Petitioners, | : : : : | |
| v. | : : | 3:10-cv-545 (WWE) |
| JHRV ENTERPRISES, INC.; VAHE BADALIAN; RAZMIK OHANJANIAN; JILBERT TAHMAZIAN; and HAMLET BET-SARGHEZ, Respondents. | : : : : : : | |

**RULING ON RESPONDENTS' MOTION FOR RECONSIDERATION,
MOTION TO STAY AND MOTION TO ALTER AND AMEND THE JUDGMENT**

Now pending before the Court are the following motions filed by respondents JHRV Enterprises, Inc. ("JHRV"), Vahe Badalian, Razmik Ohanjanian, Jilbert Tahmazian and Hamlet Bet-Sarghez: (1) motion for reconsideration the Court's October 1, 2010 ruling (Doc. #29); (2) motion to stay enforcement of the Court's order compelling arbitration (Doc. #31); and (3) motion to alter or amend the Court's judgment pursuant to Federal Rules of Civil Procedure 52(b) and 59(e) (Doc. #33).[1]

**BACKGROUND**

The underlying facts and the identities of the parties are set forth in the Court's memorandum of decision issued on October 1, 2010 (Doc. #28) and will not be repeated here. In its ruling, the Court granted petitioners' motion to compel arbitration, sending the parties' dispute to arbitration within ten miles of petitioner EAI's principal business address. Respondents filed their motion for reconsideration on October 14

---

[1] The motion to alter and amend the judgment was docketed twice. As such, the Court will deny as moot Doc. #32.

1

and their motion to alter and amend the judgment on October 26.

**DISCUSSION**

A motion for reconsideration may be based solely upon "matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order." Local R. Civ. P. 7(c)(1). Such a motion should be granted only where the Court has overlooked facts or precedents which might have "materially influenced" the earlier decision. Park South Tenants Corp. v. 200 Cent. Park South Assocs. L.P., 754 F. Supp. 352, 354 (S.D.N.Y. 1991). The movant's burden is made weighty to avoid "wasteful repetition of arguments already briefed, considered and decid ed." Weissman v. Fruchtman, 124 F.R.D. 559, 560 (S.D.N.Y. 1989).

Rules 52(b) permits the court to "amend its findings ... and ... amend the judgment accordingly." Fed. R. Civ. P. 52(b). Because the Court has not entered any judgment as yet, relief under Rule 52(b) is premature. The Court will, nonetheless, review respondents' Rule 52(b) motion under the standard used for motions for reconsideration.

The first argument that respondents advance in favor of reconsideration is that the Court incorrectly applied applicable and relevant precedent. They cite to Applied Energetics, Inc. v. NewOak Capital Markets, LLC, 2010 U.S. Dist. LEXIS 106057 (S.D.N.Y. Oct. 6, 2010), for an analysis of the interplay between an initial agreement and a later-executed agreement. This decision was a recommended ruling by a magistrate judge. After respondents filed their motion, the district court rejected the magistrate judge's recommendation and ordered that the case proceed to arbitration. See Applied Energetics, Inc. v. NewOak Capital Mkts., LLC, 2010 U.S. Dist. LEXIS

129191 (S.D.N.Y. Dec. 3, 2010). The magistrate judge's recommended ruling is therefore not entitled to any weight by this Court.

The second ground identified by respondents for reconsideration is that it revised its complaint in the California litigation to clarify the nature of its claims. Facts that arise after a court issues a ruling can hardly constitute overlooked facts that would prompt reconsideration of a ruling. 12 Moore's Federal Practice § 60.42[3][a] (3d ed. 2008); see also Ryan v. United States Lines Co., 303 F.2d 430, 434 (2d Cir. 1962) (results of post-trial physical examination not newly discovered evidence). The amended complaint, therefore, does not support amending or vacating the Court's ruling.

Finally, the crux of respondents' argument is that the Court committed clear error in its conclusions. As the Court observed in its previous ruling, the parties have different views on the current disagreement between them. Respondents claim that EAI violated the settlement agreement by removing certain zip codes from JHRV's franchises and reassigning them to stores that were turned over to EAI pursuant to the settlement agreement. EAI's contention is that respondents' claims in the California action arise under the franchise agreements because the franchise agreements govern the parties' relationship with respect to JHRV's remaining franchises.

In its previous ruling, the Court agreed with EAI's view of the case, and the Court sees no reason to change its view now. First, JHRV is asserting rights relating to the franchises that it currently possesses. Any such rights arise pursuant to the respective franchise agreements which contain the arbitration provision. Second, the arbitration agreement is broadly written and applies to (1) disputes related to the franchise agreement and "any other agreement" between the parties; (2) EAI's relationship with

3

JHRV; and (3) "the validity of ... any other agreement" between the parties. This language could clearly encompass the current dispute between the parties. Finally, there is no indication in the settlement agreement that it meant to foreclose the arbitration provision of the franchise agreements.

District Judge Richard M. Berman's ruling in Applied Energetics, unlike the magistrate judge's recommended ruling, would support this Court's October 1 ruling. Judge Berman found that the interplay between the parties' two agreement was unclear and ambiguous. The arbitration clause in the first agreement was broad in scope and, as such, the court could not determine definitively that the broad arbitration provision did not affect the later-executed agreement. The court concluded that the arbitration clause could not be read to foreclose an interpretation that covered the parties' dispute. Applied Energetics, 2010 U.S. Dist. LEXIS 129191 at *11-12 (citing Bank Julius Baer & Co. v. Waxfield Ltd., 424 F.3d 278, 284 (2d Cir. 2005)). Therefore, the court sent the parties to arbitration.

Similarly, in this case, the arbitration provision in the parties' franchise agreement cannot conclude with "positive assurance that the arbitration clause is not susceptible to an interpretation that covers the asserted dispute." Bank Julius, 424 F.3d at 284. As such, arbitration is appropriate.

4

## CONCLUSION

For the foregoing reasons, the Court GRANTS respondents' motion for reconsideration (Doc. #29).  Upon reconsideration, the Court adheres to its previous ruling.  Furthermore, the Court DENIES respondents' motion to stay (Doc. #31) and motion to alter and amend the judgment (Docs. #32, 33).

Dated at Bridgeport, Connecticut, this 27th day of December 2010.

                                                /s/
                                       Warren W. Eginton
                                       Senior United States District Judge